UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LONNIE J. KAHOE, SR. | CIVIL ACTION |
| VERSUS | NO. 22-783 |
| LOUISIANA STATE | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is Lonnie J. Kahoe, Sr.'s petition for *habeas corpus*.[1] Also before the Court are Kahoe's related motions seeking change of venue in his state-court criminal trial and a determination of regained capacity pursuant to article 649 of the Louisiana Code of Criminal Procedure.[2] For the following reasons, the above motions are denied, and Kahoe's petition is dismissed.

### I. BACKGROUND

Kahoe is a pretrial detainee being held at Orleans Justice Center in New Orleans, Louisiana.[3] Kahoe is charged with aggravated burglary and second-degree rape.[4] In his petition for *habeas corpus*

---

[1]  R. Doc. 4.
[2]  R. Docs. 5 & 9.
[3]  R. Doc. 41 at 1 n.1.
[4]  R. Doc. 41 at 2.

under 28 U.S.C. § 2241, Kahoe asserts various grounds for relief: (1) he did not commit any crimes; (2) his bail amount was improperly increased or otherwise inappropriately high; and (3) he was improperly declared mentally incompetent and subsequently denied an opportunity for further examination.[5] In terms of relief, Kahoe seeks review of the grand jury minutes for his indictment, a finding of competence to stand trial, a change of venue to St. Tammany Parish, and a modification of the previously set bail amount.[6] The State asserts that Kahoe's Section 2241 petition should be dismissed because his claims are unexhausted, barred by *Younger* abstention, and lack merit.[7] The Court considers Kahoe's petition and supplementary motions below.

## II. DISCUSSION

A petitioner that has not been convicted in state court may raise federal claims relating to his pretrial detention under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(d). Because Kahoe seeks federal judicial intervention with respect to his ongoing state criminal proceedings,

---

5     R. Doc. 4-2 at 7-8.
6     *Id.* at 8.
7     R. Doc. 41.

2

"the Court must first determine if it must abstain from exercising jurisdiction." *Reynolds v. Orleans Crim. Dist. Ct.*, No. 22-200, 2022 WL 2789402, at *1 (E.D. La. July 15, 2022). Under the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971), the Court must decline to exercise jurisdiction where the requested relief would interfere with an ongoing state criminal proceeding. Nevertheless, if a petition demonstrates "extraordinary circumstances showing a threat of irreparable injury which is both great and immediate," then a court may exercise jurisdiction. *Kolski v. Watkins*, 544 F.2d 762, 764-65 (5th Cir. 1977); *see also Younger*, 401 U.S. at 45. But absent such extraordinary circumstances, "federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. at 37). The Fifth Circuit has held that the *Younger* abstention doctrine applies to writs of *habeas corpus* brought by pretrial detainees. *Kolski*, 544 F.2d at 766-67.

The Court must decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the

subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (internal quotation marks omitted)).

First, the federal proceeding must not "interfere with an 'ongoing state judicial proceeding.'" *Id.* at 716 (quoting *Middlesex*, 457 U.S. at 432). "Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'" *Id.* at 717 (quoting *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002)). In *Younger*, the Supreme Court held that a federal court issuing an injunction preventing state prosecution would interfere with an ongoing state proceeding. 401 U.S. at 40. Like the movant in *Younger*, the State is still prosecuting Kahoe.[8] Here, petitioner has not yet tried his case, and pretrial proceedings remain in progress. Thus, if the Court were to grant Kahoe's Section 2241 petition and order his release—or order a transfer of venue or modification of Kahoe's bail amount—the Court would interfere with

---

[8] R. Doc. 16 at 2.

4

the state court's ability to conduct its proceedings. *See Gibson v. Orleans Par. Sheriff*, 971 F. Supp. 2d 625, 630 (E.D. La. 2013) (finding that it would interfere with a state criminal proceeding if the court were to order the release of a pretrial detainee); *Tucker v. Reeve*, 601 F. App'x 760, 760 (10th Cir. 2015) (affirming the district court's application of *Younger* abstention to a Section 2241 petitioner who asserted claims of excessive bond, denial of speedy trial, and illegal search and prosecution).

Second, the Court must also consider whether the State has "an important interest in regulating the subject matter of the claim." *Bice*, 677 F.3d at 717. "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984). Louisiana is prosecuting Kahoe for aggravated burglary and second-degree rape, both of which are violations of Louisiana criminal statutes.[9] Accordingly, Louisiana has an important interest in regulating the subject matter of Kahoe's claim.

Third, the plaintiff must have "an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice*, 677 F.3d at 716 (quoting *Middlesex*, 457 U.S. at 432). Here, Kahoe has an

---

9     R. Doc. 41.

5

opportunity to raise his constitutional arguments in the Louisiana courts. *See Younger*, 401 U.S. at 49 ("A [criminal] proceeding was already pending in the state court, affording [the detainee] an opportunity to raise his constitutional claims."). Further, he will have the opportunity to appeal the state court's decision if convicted. The Court finds that this condition is satisfied.

Even if these requirements are met, a court may still exercise jurisdiction pursuant to several exceptions. *Tex. Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). The "narrowly delineated" *Younger* exceptions are as follows:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

*Id.* (citations omitted). Here, Kahoe does not challenge the constitutionality of a specific state statute, Louisiana has not waived the application of the *Younger* doctrine, and there is no evidence that the State charged Kahoe in bad faith.

In sum, the three enumerated factors under *Younger* are present. And although the Court may refuse to abstain if an exception to

*Younger* applies, no such exception applies here. Accordingly, the Court must abstain from jurisdiction over petitioner's Section 2241 petition in accordance with *Younger v. Harris*.

## III. CONCLUSION

For the foregoing reasons, the Court must abstain from exercising jurisdiction over plaintiff's Section 2241 petition. Accordingly, the Court DISMISSES WITHOUT PREJUDICE Kahoe's petition for *habeas corpus* under 28 U.S.C. § 2241, and DENIES all outstanding motions.[10]

New Orleans, Louisiana, this __12th__ day of December, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] R. Docs. 5 & 9.