UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LONNIE J. KAHOE, SR. | CIVIL ACTION |
| VERSUS | NO. 22-783 |
| LOUISIANA STATE | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is Lonnie J. Kahoe Sr.'s motion "to grant a review and consider a continuance on the merit on the merit of [certain asserted] facts."[1] The Court will construe Kahoe's motion as one seeking reconsideration under Federal Rule of Civil Procedure 59(e). The State of Louisiana (the "State") opposes Kahoe's motion.[2] For the following reasons, the Court denies plaintiff's motion for reconsideration.

### I.  BACKGROUND

Kahoe is a pretrial detainee being held at Orleans Justice Center in New Orleans, Louisiana.[3] Kahoe is charged with aggravated

---

[1]  R. Doc. 62.
[2]  R. Doc. 67.
[3]  R. Doc. 41 at 1 n.1.

burglary and second-degree rape.[4] In his petition for *habeas corpus* under 28 U.S.C. § 2241, Kahoe asserted various grounds for relief including that: (1) he did not commit any crimes; (2) his bail amount was improperly increased or otherwise inappropriately high; and (3) he was improperly declared mentally incompetent and subsequently denied an opportunity for further examination.[5] On December 12, 2022, the Court dismissed Kahoe's petition after holding that it must abstain from exercising jurisdiction in accordance with the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971).[6] Now, Kahoe moves for reconsideration pursuant to Rule 59(e).[7] The State oppose his motion.[8] The Court considers Kahoe's motion below.

## II.   LEGAL STANDARD

A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v.*

---

4    R. Doc. 41 at 2.
5    R. Doc. 4-2 at 7-8.
6    R. Doc. 60.
7    R. Doc. 62.
8    R. Doc. 67.

2

*HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

## III.  DISCUSSION

Kahoe seeks reconsideration of the Court's Order and Reasons dismissing his petition[9] on the basis that the state court proceedings against him are purportedly brought in bad faith.[10]  In support of his motion, Kahoe presents factual allegations of a conspiracy against him involving a "French Quarter Crime Syndicate,"[11] as well as local law enforcement and untruthful witnesses.  But Kahoe's motion does not set forth proper grounds for relief under Rule 59(e).  His contentions, as the State notes,[12] boil down to the assertion that the witnesses for the prosecution are lying.  Even if Kahoe's contentions were sufficient for a finding of "bad faith" under *Younger*, the Court "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).  Kahoe does not set forth any of the criteria according to which reconsideration is warranted.  He does not claim to have discovered new evidence; nor does point to intervening changes in controlling law.

---

| | |
|---|---|
| 9 | R. Doc. 60. |
| 10 | R. Doc. 62 at 12. |
| 11 | *Id.* at 2. |
| 12 | R. Doc. 67 at 2. |

He likewise fails to establish that this Court's orders work a manifest injustice. Kahoe's motion is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Kahoe's motion for reconsideration. As the Court has abstained from exercising jurisdiction over Kahoe's petition, his remaining motions are DISMISSED as MOOT.

New Orleans, Louisiana, this __30th__ day of May, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE